■ In the Matter of MARVIN LEOPOLD, Deceased. HONEY LEOPOLD et al., Appellants; ESTELLE LEOPOLD, Respondent. [648 NYS2d 334] —In a contested probate proceeding; Allen H. Weiss and Honey Leopold appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated July 14, 1995, as, upon granting the application of Estelle Leopold to exclude Honey Leopold from Estelle Leopold's examination before trial, directed Allen H. Weiss to pay legal fees in the sum of $500 to Estelle Leopold pursuant to 22 NYCRR 130-1.1.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, without costs or disbursements.

We disagree with the Surrogate's Court that the conduct of

Allen H. Weiss (an attorney) in opposing Estelle Leopold's application to exclude his client (Honey Leopold) from Estelle Leopold's examination before trial (hereinafter EBT) was frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c). Such conduct was not completely without merit in law or fact, and was not undertaken primarily to delay, harass, or injure. Moreover, the requirements of 22 NYCRR 130-1.1 (d) were not met. Rather, Weiss had a good faith basis to desire his client's presence at the EBT, and to challenge the application of Estelle Leopold to bar his client from the EBT based on Estelle's alleged medical condition. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur. [As amended by unpublished order entered Dec. 19, 1996.]